UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO CHAHIA,<br><br>    Petitioner,<br><br>    v.<br><br>LINDA T. McGREW, Warden,<br><br>    Respondent. | No. CV 13-9456 PA (MRW)<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE |

The Court vacates the reference of this action to the Magistrate Judge and dismisses this successive habeas action without prejudice: (a) based on the government's unopposed dismissal motion; and (b) for Petitioner's failure to prosecute.

\* \* \*

Petitioner is a federal prisoner at USP Victorville. He filed a habeas action in this Court pursuant to 28 U.S.C. § 2241. After the petition was served on the government, the government moved to dismiss the action. (Docket # 5.) The government argued, among other things, that Petitioner improperly sought to challenge his underlying conviction in a manner that rendered the petition successive under federal law. See 28 U.S.C. § 2255(h).

. . . .

The Court informed Petitioner in January 2014 of his obligation to respond to the government's dismissal motion. (Docket # 6.) The Court specifically informed Petitioner that the Court could consider the government's motion unopposed – and consented to – under the Local Rules unless Petitioner filed a response. The Court also advised Petitioner that the action could be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute the case. (Id.)

The Court subsequently granted Petitioner's request for an extension of time to respond. (Docket # 8.) However, Petitioner failed to file a response by the extended date. In June 2014, the Court then issued an order to show cause why the action should not be dismissed. (Docket # 9.) Petitioner did not respond to that order, either. Petitioner has filed nothing in response to the government's motion or the Court's order to show cause in the intervening months.

\* \* \*

Local Rule of Court 7-12 states that, after a party files a motion with the Court, the failure to file a required response "may be deemed consent to the granting [ ] of the motion." That rule fully applies to the present dismissal motion. The government plausibly established that Petitioner's habeas action is successive and that he does not have permission from the Court of Appeals to pursue his current claims in this court. Petitioner's failure to respond to the dismissal motion signifies his consent to the dismissal of the case.

Moreover, Petitioner failed to respond to the court's orders requiring him to: (a) respond to the government's dismissal motion; and (b) show cause regarding the status of the action. (Docket # 6, 8.) Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to

avoid the risk of prejudice to defendants. <u>Omstead v. Dell, Inc.</u>, 594 F. 3d 1081, 1084 (9th Cir. 2010); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1263 (9th Cir. 1992) (analyzing factors supporting dismissal of Section 1983 actions).

A dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim and leads to a dismissal of the action with prejudice. However, when the dismissal is "for lack of jurisdiction," the dismissal should be without prejudice. <u>See, e.g.</u>, <u>Alonso v. Chappell</u>, No. CV 13-3093 VAP (PLA), 2013 WL 3147156 (C.D. Cal. 2013) (dismissal of successive state habeas action without prejudice based on lack of district court jurisdiction).

Petitioner's failure to prosecute this action – or to respond to the Court's orders requiring him to do so – warrants dismissal under Rule 41(b). The public, the Court, and the government have a significant interest in the resolution of this case. Petitioner, by contrast, has demonstrated a lack of interest in pursuing the action to a decision on the merits. Moreover, given Petitioner's failure to respond to the Court's orders, there are no "less drastic sanctions" available to the Court other than a dismissal of the action. <u>Omstead</u>, 594 F.3d at 1084. Rule 41 therefore provides an additional basis for dismissing the action without prejudice due to the Court's lack of jurisdiction over the matter.

Therefore, this action is hereby DISMISSED without prejudice.

DATED: August 4, 2014

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE